**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIN NI,<br><br>　　　　　Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney<br><br>General,<br><br>　　　　　Respondent. | No. 19-72952<br><br>Agency No. A077-340-986<br><br>MEMORANDUM[*] |

On Petition for Review of a
Final Order of the Immigration Judge

Submitted October 6, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***]
District Judge

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes that this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Lin Ni appeals the order of an immigration judge (IJ) reinstating a prior order of removal and affirming an asylum officer's determination that Ni did not establish either a reasonable possibility of persecution on account of a protected ground, or torture, if returned to China. We have jurisdiction under 8 U.S.C. § 1252. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (citing 8 C.F.R. § 208.31(g)(1)). We deny the petition.

Ni challenges the IJ's negative reasonable fear determination. We review this determination for substantial evidence and must "uphold the IJ's conclusion that [Ni] did not establish a reasonable fear of torture [or persecution] unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id*. (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

Ni contends that he suffered past persecution and that there is a reasonable possibility he would be persecuted if returned to China because of his 2012 protests against the demolition of his house. Ni alleges that his anti-government political opinion led to an arrest on false charges, mistreatment in custody, and subsequent police inquiries after his release. Considering the undisputed evidence that Ni was arrested and detained for assault after a security official fell trying to push Ni during a protest at a government building, and that the neighbor with Ni at the time wasn't arrested, substantial evidence supports the IJ's decision that

officials acted against Ni because of the alleged assault rather than because of a belief that Ni held an anti-government political opinion.

**PETITION DENIED.**

3